IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN JOHN WITASICK, SR.,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. Attorney TIMOTHY J. HEAPHY; Assistant U.S Attorney C. PATRICK HOGEBOOM, III; and THE UNITED STATES OF AMERICA,<br><br>    Defendants. | Civil No. 10-3570 (JBS-KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

    Plaintiff Kevin John Witasick, Sr. ("Plaintiff") has filed a Complaint against the United States Attorney for the Western District of Virginia, Timothy J. Heaphy, and his Assistant United States Attorney C. Patrick Hogeboom, III, and the United States ("Defendants"), on July 15, 2010.  The Complaint alleges that Mr. Witasick was recently convicted of a federal crime in the United States District for the Western District of Virginia in violation of Plaintiff's constitutional rights due to the alleged prosecutorial misconduct of U.S. Attorney Heaphy and Assistant U.S. Attorney Hogeboom.  Under the Judgment of Conviction entered in the United States District Court for the Western District of Virginia, Plaintiff is required to report to federal prison on July 19, 2010.

Plaintiff seeks a Temporary Restraining Order to be followed by an preliminary injunction.  Plaintiff's motion for a temporary restraining order alleges that Mr. Witasick was sentenced to a term of fifteen months imprisonment on May 18, 2010, with that sentence to begin on July 19, 2010.  Plaintiff alleges that the Government failed to present exculpatory evidence to the Grand Jury leading to a defective Indictment, and that his Fifth Amendment rights were violated as well as other statutory and constitutional violations.

In this motion for a temporary restraining order, as in the Complaint, Plaintiff seeks an Order declaring that the Indictment was unlawfully obtained in violation of the Fifth Amendment and 28 U.S.C. § 530B(a) and (b), an Order dismissing the Indictment, and an Order prohibiting the incarceration of Mr. Witasick on July 19, 2010 pending the final ruling upon the Complaint.

Before this Court can consider the motion for a temporary restraining order or the Complaint, the Court must assure itself that it has subject matter jurisdiction.  Under Rule 12(h)(3), Fed. R. Civ. P., "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."  The Court determines that this case shall be dismissed for lack of subject matter jurisdiction for the following reasons.

It is apparent that Mr. Witasick is seeking to invalidate his Judgment of Conviction and void its requirement that he be imprisoned pursuant to the Judgment of the U.S. District Court for the Western District of Virginia.  The exclusive remedy for setting aside the Judgment of Conviction at this time would be for Mr. Witasick to file an appeal to the United States Court of Appeal for the Fourth Circuit, as the courts of appeals have exclusive jurisdiction of appeals from all final decisions of the district courts, pursuant to 28 U.S.C. § 1291  Any stay of the execution of sentence pending appeal must be sought from the sentencing court.  The Fourth Circuit is the only court having jurisdiction to review the final judgment of the U.S. District Court for the Western District of Virginia.  The instant civil complaint also cannot fairly be interpreted as a petition for habeas corpus, as this Court would not have jurisdiction over such a petition either.  Congress provided jurisdiction for challenge to a federal sentence exclusively in "the court which imposed the sentence."  28 U.S.C. § 2255.  McLoyd v. Nash, 191 Fed. App'x 169 (3d Cir. 2006); see United States v. Hayman, 342 U.S. 205, 215 (1952).

Thus, Plaintiff's sole remedy attacking the judgment of conviction at this time is by appeal to the Fourth Circuit.  Upon his conviction becoming final, any petition challenging the conviction could be filed within one year of finality exclusively

in the sentencing court, that is, in the Western District of Virginia, pursuant to 28 U.S.C. § 2255.

Even if this Court had jurisdiction over this subject matter, framing this complaint as alleging constitutional violations by the federal prosecutors likewise does not give rise to a cause of action at this time.  Plaintiff has no cause of action "until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  Heck v. Humphrey, 512 U.S. 477, 489 (1994).  See Lora-Pena v. F.B.I., 529 F.3d 503 (3d Cir. 2008) (applying Heck to Bivens claims); accord. Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995); Tavarez v. Reno, 54 F.3d 109 (2d Cir. 1995); Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994); Williams v. Hill, 74 F.3d 1339 (D.C. Cir. 1996).  In other words, if one day Plaintiff succeeds in overturning his criminal conviction, he may be able to overcome the bar of Heck v. Humphrey, supra, and file an action for civil redress of prosecutorial misconduct, assuming such action is not barred by the doctrine of prosecutorial immunity.  See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) ("acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to protections of absolute immunity."); Imbler v. Pachtman, 424 U.S. 409, 410 (1976) ("a state prosecuting attorney who acts within

the scope of his duties in initiating and pursuing a criminal prosecution" is immune from suit).

Because this Court lacks subject matter jurisdiction, Plaintiff's motion for a temporary restraining order will be denied and the Complaint herein will be dismissed for lack of jurisdiction.

The accompanying Order shall be entered.

                                       **s/ Jerome B. Simandle**
                                       JEROME B. SIMANDLE
                                       U.S. District Judge