IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN JOHN WITASICK, SR.,<br><br>Plaintiff,<br><br>v.<br><br>U.S. Attorney TIMOTHY J. HEAPHY; Assistant U.S Attorney C. PATRICK HOGEBOOM, III; and THE UNITED STATES OF AMERICA,<br><br>Defendants. | Civil No. 10-3570 (JBS-KMW)<br><br>**MEMORANDUM OPINION** |

This matter comes before the Court upon Plaintiff's motion for reconsideration [Docket Item 5] of this Court's order denying Plaintiff's motion for a temporary restraining order and dismissing the Complaint [Docket Item 2]. THE COURT FINDS AS FOLLOWS:

1. As explained in the Memorandum Opinion of July 15, 2010, Plaintiff alleges that he was recently convicted of a federal crime in the United States District for the Western District of Virginia in violation of his constitutional rights, because the conviction was obtained as a result of prosecutorial misconduct. Plaintiff's motion for a temporary restraining order sought an order declaring that the Virginia indictment was unlawfully obtained, dismissing the indictment, and prohibiting Plaintiff's incarceration.

2. This Court denied his motion sua sponte under Rule 12(h)(3), Fed. R. Civ. P., finding that it lacks subject matter jurisdiction over the validity of a coordinate federal district court's criminal judgment. Citing 28 U.S.C. § 1291, the Court held that "The Fourth Circuit is the only court having jurisdiction to review the final judgment of the U.S. District Court for the Western District of Virginia." The Court added that even if the Court interpreted the Complaint as a petition for collateral review under 28 U.S.C. § 2255, the Court would still lack jurisdiction, which rests exclusively in "the court which imposed the sentence." 28 U.S.C. § 2255. Finally, the Court noted that under Heck v. Humphrey, 512 U.S. 477, 489 (1994), even if Plaintiff did not directly seek the relief of voiding his criminal conviction, a civil action alleging prosecutorial misconduct which would collaterally attack Plaintiff's conviction cannot be brought "until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." See Lora-Pena v. F.B.I., 529 F.3d 503 (3d Cir. 2008) (applying Heck to Bivens claims).

3. Absent a change in the law or availability of new evidence (neither of which Plaintiff can allege as the Order being reconsidered was filed yesterday), to prevail on a motion for reconsideration the movant must show that "dispositive factual matters or controlling decisions of law were brought to

the court’s attention but not considered." P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (citations omitted).

4. Plaintiff argues that the Court overlooked the fact that the arguments he raises in his Complaint regarding the existence of prosecutorial misconduct were not adjudicated by the district court in his criminal case. These issues, he argues, can therefore not be reviewed by the Fourth Circuit, and consequently, the exclusivity of the Fourth Circuit's review of the criminal judgment does not bar this Court's jurisdiction. He also notes that he could not bring these arguments upon a motion in his criminal case. He concludes that since neither the sentencing court nor the Fourth Circuit Court of Appeals can hear these claims, this Court must have subject matter jurisdiction.

5. This Court did not overlook any of these facts or legal arguments raised in this motion. The fact that the sentencing court ruled that it could not hear Plaintiff's civil claims as a motion in his criminal case is unsurprising, and has no bearing on the exclusive jurisdiction of the sentencing court to hear Plaintiff's exclusive collateral remedy: a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). If Plaintiff presented these matters to the district court in Virginia, and is dissatisfied with the district court's resolution of it, his

appeal may well lie in the Fourth Circuit. It is clear that this Court, in the District of New Jersey, lacks the power to review the judgment of our sister court in Virginia.

6. Moreover, Plaintiff's contention that he could not raise the issue of prosecutorial misconduct on appeal, even though it was supposedly discovered after the issue could be raised at trial, is, even if true, also irrelevant. This would only mean that he would have to wait in order to raise the issue in the appropriate habeas action, as in the case of claims of ineffective assistance of counsel.

7. Finally, Plaintiff's argument that the Heck bar only applies to issues litigated in the criminal case is simply incorrect.

8. In conclusion, the subject matter jurisdiction question before the Court is not whether 28 U.S.C. § 1331 would ordinarily confer jurisdiction over Plaintiff's claims. It would ordinarily do so. The question is whether this Court is stripped of that jurisdiction over claims seeking, directly or indirectly, to void another federal district court's criminal judgment. The answer to that question is yes, because this Court can neither hear an appeal from that judgment, nor collaterally attack it. The motion for reconsideration is denied, and an accompanying Order will be entered.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
U.S. District Judge